IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01328-MSK-MEH

EMART, INC.,

    Plaintiff,

v.

OHIO SECURITY INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION FOR LEAVE TO AMEND

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Amended Motion for Leave to Amend the Complaint [filed November 2, 2015; docket #23]. The matter has been referred to this Court for disposition, and the Court finds neither additional briefing nor oral argument would assist the Court in its consideration of the motion. For the reasons that follow, the Court **grants** the Plaintiff's motion.

## BACKGROUND

    On June 22, 2015, Plaintiff initiated this action alleging essentially that Defendant failed to pay in full covered benefits due and owing to Plaintiff under the subject insurance policy. Docket #1. Defendant filed an Answer on July 24, 2015 essentially denying the Plaintiff's allegations and asserting ten affirmative defenses. Docket #6. This Court held a Scheduling Conference on August 12, 2015, at which the Court set discovery deadlines, including a September 21, 2015 deadline for joinder of parties and amendment of pleadings. Docket #18.

    In the present motion, Plaintiff seeks to substitute the properly named plaintiff in the case, after having been alerted to the error by opposing counsel at the Scheduling Conference and after having received certified copies of the applicable insurance policies from the Defendant.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Because Plaintiff filed its motion after the deadline for amendment of pleadings,[1] granting the motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing modification of the Scheduling Order. Second, if Plaintiff shows good cause, it must also meet the requirements of Fed. R. Civ. P. 15(a).

### I. Good Cause for Modification under Rule 16(b)

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, GE Prolec "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

---

[1] Plaintiff originally sought leave to amend on October 27, 2015; however, the motion was denied without prejudice for Plaintiff's failure to follow D.C. Colo. LCivR 15.1. Dockets ##20, 22.

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The Court finds that Plaintiff has demonstrated good cause to modify the Scheduling Order in this case. The documents attached to the motion demonstrate that the Plaintiff was diligent in attempting to determine the properly named plaintiff in this case after its counsel was alerted to the issue by opposing counsel at the Scheduling Conference. The Court finds Plaintiff's conduct in this process, including seeking conferral with opposing counsel, to be reasonable. Thus, the deadline for amendment of pleadings in this case is extended to November 2, 2015, the date on which Plaintiff's motion was filed.

## II.     Undue Delay

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend pursuant to Rule 15(a). *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir.2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

The Court finds there is no undue delay in substituting the properly named plaintiff at this stage of the litigation. There should be no prejudice to Defendant with such substitution, particularly because it was defense counsel who alerted the Plaintiff to the error. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Here, the discovery deadline is February 12, 2016, more than three months hence. If Defendant should require additional time to obtain discovery on the new plaintiff, the Court will entertain a motion seeking a reasonable extension.

## CONCLUSION

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiff demonstrates good cause to modify the scheduling order, and its amendment is not unduly delayed so as to prejudice Defendant. Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Amended Motion for Leave to Amend the Complaint [filed November 2, 2015; docket #23]. The Plaintiff shall file a **clean copy** of the Amended Complaint and Jury Demand **on or before November 6, 2015**. Defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado this 5th day of November, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4